PEOPLE v NAWWAS, No. 151382; Court of Appeals No. 319039. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse in part the judgment of the Court of Appeals, we vacate the sentence of the Wayne Circuit Court, and, based on the prosecutor's response confessing error and stating that the defendant is entitled to resentencing, we remand this case to the trial court for resentencing. The Sentencing Information Report indicates that the trial court only scored the sentencing guidelines for the defendant's violation of MCL 750.227. "Offense variables are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *People v McGraw*, 484 Mich 120, 135 (2009). The trial court erred in scoring offense variable 9, MCL 777.39, based on a finding that two to nine victims were placed in danger of physical injury or death in relation to the defendant's violation of MCL 750.227. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

SUTTER v OCWEN LOAN SERVICING, LLC, No. 152006; Court of Appeals No. 320704. On order of the Court, the application for leave to appeal the April 21, 2015 judgment of the Court of Appeals is considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate the judgment of the Court of Appeals, and we remand this case to that court to reconsider whether the plaintiffs' complaint stated a legally cognizable claim of statutory conversion under MCL 600.2919a(1)(a). *Hofweber v Detroit Trust Co*, 295 Mich 96, 100 (1940). The Court of Appeals erred by failing to limit its review to the allegations contained in the complaint and by failing to recognize the appropriate standard for reviewing the sufficiency of a pleading. See MCR 2.111(B)(1); *Steed v Covey*, 355 Mich 504, 511 (1959). We do not retain jurisdiction.

*Order Granting Oral Argument in Case Pending on Application for Leave to Appeal Entered March 23, 2016:*

*In re* CLIFFMAN ESTATE, No. 151998; Court of Appeals No. 321174. The parties shall file supplemental briefs within 42 days of the date of this order addressing whether MCL 600.2922(3)(b) allows stepchildren of a decedent to make a claim for damages where the natural parent predeceased the decedent, and if so, whether this Court should overrule *In re Combs Estate*, 257 Mich App 622 (2003). The parties should not submit mere restatements of their application papers.